1
2
3
4
5
6
7            UNITED STATES DISTRICT COURT
8           WESTERN DISTRICT OF WASHINGTON
                      AT SEATTLE
9

10 | UNITED STATES OF AMERICA,         )
                                        )
11 |           Plaintiff,               )    CASE NO.   CR 05 391 RSM
                                        )
12 |       v.                           )
                                        )
13 |                                    )    DETENTION ORDER
     VICTOR E. FUHR,                    )
14 |                                    )
               Defendant.               )
15 |_____ )

16 Offense charged: Count I:DISTRBUTION OF COCAINE AND OXYCODONE

17    Date of Detention Hearing: November 30, 2005.

18    The Court, having conducted a contested detention hearing pursuant to Title 18

19 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention

20 hereafter set forth, finds that no condition or combination of conditions which the defendant

21 can meet will reasonably assure the appearance of the defendant as required and the safety

22 of any other person and the community.

23 The Government was represented by Ron Friedman.  The defendant was represented by

24 Terrence Kellogg.

25 //

26 //

DETENTION ORDER
PAGE -1-

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offense of Distribute of Cocaine, Cocaine Base and Oxycodone. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons: Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

(a) <u>The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug</u>.

(b) <u>The weight of the evidence</u>: This case involves investigation of this Defendant's activities through the use of a court authorized wiretap. The Defendant is heard on the "wire" as illegally purchasing oxycodone with forged prescriptions and using his girlfriend to do so when his identity was becoming known to law enforcement.

(c) <u>The history and characteristics of the person</u>, including: The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the current offense or arrest, the person was on probation, on parole, on

|   |   | other release pending trial, sentencing, appeal, or completion of sentence of an offense under Federal, State, or local law. He faces the mandatory minimum sentence of ten years and thereby has an incentive to flee. He has a warrant from the year 2000 in which he admits taking of his electronic bracelet and then not returning to court to address the violation. |

(d) <u>Risk of danger</u>. His substance abuse history is longstanding. His DUI and DWLS criminal history demonstrates his substance abuse has become severe enough to involve law enforcement. Together with this instant offense, the Court concludes he poses a risk of danger to the public.

Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(1) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States

DETENTION ORDER
PAGE -3-

Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 9th day of December, 2005.

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -4-